# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VANESSA E. CARBONELL;<br>ROBERTO A. WHATTS OSORIO;<br>ELBA Y. COLÓN NERY;<br>BILLY NIEVES HERNÁNDEZ;<br>NÉLIDA ÁLVAREZ FEBUS;<br>LINDA DUMONT GUZMÁN;<br>SANDRA QUIÑONES PINTO;<br>YOMARYS ORTIZ GONZÁLEZ,<br>individually and as representatives of the requested class,<br><br>**Plaintiffs,**<br><br>v.<br><br>**ANTONIO LÓPEZ FIGUEROA,** in his official capacity as Commissioner of the Puerto Rico Police Bureau;<br>**ALEXIS TORRES RIOS,** in his official capacity as Secretary of the Puerto Rico Department of Public Safety;<br>**UNION OF ORGANIZED CIVILIAN EMPLOYEES,**<br><br>**Defendants.** | CIVIL NO. 22-1236<br><br><u>CLASS ACTION COMPLAINT</u><br><br>Constitutional Violation Action (42 U.S.C. § 1983), Declaratory Judgment, Injunctive Relief, Compensatory, Nominal, and Punitive Damages. Jury Trial Demanded. |

## CLASS ACTION COMPLAINT

**TO THE HONORABLE COURT:**

Plaintiffs Vanessa E. Carbonell ("Carbonell"), Roberto A. Whatts Osorio ("Whatts"), Elba Y. Colón Nery ("Colón"), Billy Nieves Hernández ("Nieves"), Nélida Álvarez Febus ("Álvarez"), Linda Dumont Guzmán ("Dumont"), Sandra Quiñones Pinto ("Quiñones"), and Yomarys Ortiz González ("Ortiz") (collectively, "Plaintiffs") hereby file this Class Action Complaint for compensatory, nominal, punitive damages, and declaratory and injunctive relief against Antonio López Figueroa, in his official capacity as Commissioner of the Puerto Rico Police Bureau

("PRPB"), Alexis Torres Rios ("Rios"), in his official capacity as Secretary of the Puerto Rico Department of Public Safety, and the Union of Organized Civilian Employees ("the Union") (collectively, "Defendants").

## **INTRODUCTION**

1. Plaintiffs bring this civil rights action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983") for declaratory, injunctive, and monetary relief to redress and prevent deprivation under color of state law of Plaintiffs' rights, privileges, and immunities against compelled speech and association under the First and Fourteenth Amendments to the United States Constitution. Specifically, PRPB and the Union, acting in concert as state actors and under color of state law, are and have been unlawfully coercing Plaintiffs and class members to become and remain members of a labor organization.

2. Plaintiffs and class members are employed in a bargaining unit exclusively represented by the Union.

3. Puerto Rico's "Public Employees Health Benefits Act", 3 L.P.R.A. § 729, permits state government employees to choose a health insurance plan of their preference. The Act authorizes a government employer contribution for employees to help pay for the cost of the selected health insurance plan.

4. The "Public Employees Health Benefits Act" provides that the "Government employer contribution for health benefits for employees" like Plaintiffs and class members "shall not be less than . . . one hundred dollars ($100) monthly…" 3 L.P.R.A. § 729h.

5. Pursuant to the "Public Employees Health Benefits Act", 3 L.P.R.A. § 729h, PRPB provides each civilian employee with a contribution of $100 per month to spend on a health insurance plan of their choosing.

6. On June 27, 2018, the U.S. Supreme Court held it unconstitutional for public-

sector unions and employers to collect/deduct union dues or fees from public employees without their affirmative consent and knowing waiver of their First Amendment rights. *Janus v. AFSCME Council 31*, 138 S. Ct. 2448, 2486 (2018).

7. Plaintiffs Carbonell, Whatts, Colón, Álvarez, Dumont, Quiñones, and Ortiz were full dues-paying members of the Union at the time of the U.S. Supreme Court's ruling in *Janus v. AFSCME Council 31*, 138 S. Ct. 2448, 2486 (2018) on June 27, 2018. At the time of the U.S. Supreme Court's ruling, Plaintiff Nieves was a Union nonmember who paid forced fees to the Union.

8. Prior to the U.S. Supreme Court's ruling in *Janus v. AFSCME Council 31*, 138 S. Ct. 2448, 2486 (2018), it had been the policy of the Union and PRPB to award an additional employer contribution of $25 per month to help pay for health insurance costs, totaling $125 per month, to all dues-paying Union members and nonmembers who paid forced fees to the Union.

9. Plaintiffs, on different dates after the U.S. Supreme Court's ruling in *Janus v. AFSCME Council 31*, conveyed to PRPB their objection to membership in the Union and to any deductions from their wages in favor of the Union.

10. After receiving Plaintiffs' objections to membership in the Union and to any deductions in favor of the Union, PRPB, on information and belief, informed the Union of Plaintiffs' demands.

11. On information and belief, the Union, through its president, Jorge Méndez Cotto, asked PRPB to stop awarding the $25 monthly additional employer contribution to any bargaining unit member who objected to membership in the Union and/or to deductions in favor of the Union, including Plaintiffs and class members.

12. While PRPB honored Plaintiffs' objections, PRPB complied with the Union's

3

request and ceased providing Plaintiffs with the $25 per month additional employer contribution.

13. Since the U.S. Supreme Court's ruling in *Janus v. AFSCME Council 31*, 138 S. Ct. 2448, 2486 (2018), it has been the policy of the Union and PRPB to award the additional employer contribution of $25 per month exclusively to members of the Union.

14. At all relevant times, prior to their objections, Plaintiffs had received $125 per month from PRPB to pay for their chosen health insurance.

15. To date, Plaintiffs only receive the base employer contribution of $100 per month required by law instead of the $125 per month they received when they were either union members paying union dues or nonmembers paying forced fees.

16. On information and belief, bargaining unit members who remain members of the Union continue receiving the $25 monthly additional employer contribution while bargaining unit members like Plaintiffs, who have objected to membership in the Union and to deductions in favor of the Union, are denied that additional employer contribution.

17. PRPB and the Union continue to withhold the $25 monthly additional employer contribution from Plaintiffs and class members.

18. By awarding an additional employer contribution of $25 per month exclusively to members of the Union, PRPB and the Union have been unlawfully coercing Plaintiffs and class members to become and remain members of the Union.

19. At all relevant times, Plaintiffs and class members have been subject to the exclusive representation of the Union.

20. PRPB and the Union have acted under color of state law.

**JURISDICTION AND VENUE**

21. This is an action that arises under the Federal Civil Rights Act of 1871, 42 U.S.C.

§ 1983, to redress the deprivation, under color of state law, of rights, privileges and immunities secured to Plaintiffs and all class members by the Constitution of the United States, particularly the First and Fourteenth Amendments.

22. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

23. This action is an actual controversy in which Plaintiffs seek a declaration of their rights under the Constitution of the United States. Pursuant to 28 U.S.C. §§ 2201-2202, this Court may declare Plaintiffs' rights and grant further necessary and proper relief based thereon, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

24. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arise in this judicial district and Defendants operate and do business in this judicial district.

**PARTIES**

25. Plaintiff Vanessa E. Carbonell ("Carbonell") resides in Carolina, Puerto Rico and works in San Juan, Puerto Rico. Carbonell's current job title at PRPB is Office Worker II.

26. Plaintiff Roberto A. Whatts Osorio ("Whatts") resides in Carolina, Puerto Rico and works in San Juan, Puerto Rico. Whatts's current job tittle at PRPB is Office Worker II.

27. Plaintiff Elba Y. Colón Nery ("Colón") resides in Carolina, Puerto Rico and works in San Juan, Puerto Rico. Colón's current job title at PRPB is Office Worker II.

28. Plaintiff Billy Nieves Hernández ("Nieves") resides and works in San Juan, Puerto Rico. Nieves's current job title at PRPB is Office Worker II.

29. Plaintiff Nélida Álvarez Febus ("Álvarez") resides in Bayamón, Puerto Rico and works in San Juan, Puerto Rico. Álvarez's current job title at PRPB is Electronic Information Equipment Operator II.

30. Plaintiff Linda Dumont Guzmán ("Dumont") resides in Bayamón, Puerto Rico and works in San Juan, Puerto Rico. Dumont's current job title at PRPB is Licensing Officer.

31. Plaintiff Sandra Quiñones Pinto ("Quiñones") resides in Río Grande, Puerto Rico and Works in San Juan, Puerto Rico. Quiñones's current job title at PRPB is Payroll Officer I.

32. Plaintiff Yomarys Ortiz González ("Ortiz") resides in Trujillo Alto, Puerto Rico and works in San Juan, Puerto Rico. Ortiz's current job title at PRPB is Office Systems Assistant II.

33. PRPB is the successor of the Puerto Rico Police, originally created by the "Puerto Rico Police Act", 25 L.P.R.A. § 3101.

34. Defendant Antonio López Figueroa ("López") is sued in his official capacity as Commissioner of the Puerto Rico Police Bureau ("PRPB"). Pursuant to the duties of the PRPB Commissioner laid out in the Puerto Rico Department of Public Safety Act, 25 L.P.R.A. § 3534c, Defendant López is responsible for the policies and practices of PRPB. His office address is 601 Franklin Delano Roosevelt Avenue, San Juan, PR 00936.

35. The Puerto Rico Department of Public Safety was created by virtue of the Puerto Rico Department of Public Safety Act, 25 L.P.R.A. § 3501 to integrate seven government bureaus under one umbrella: PRPB, the Firefighter Corps, the Forensic Sciences Bureau, the Emergency Management and Disaster Administration Bureau, the Emergency Medical Services Corps, the 9-1-1 Emergency Systems Bureau, and the Special Investigations Bureau.

36. Defendant Alexis Torres Rios ("Torres") is sued in his official capacity as Secretary of the Puerto Rico Department of Public Safety. Pursuant to the Puerto Rico Department of Public Safety Act, 25 L.P.R.A. § 3505h, Defendant Torres is responsible for administering and supervising PRPB. His office address is 235 Hostos Avenue, Capital Center North Tower, San

Juan, PR 00918.

37. Defendant Union of Organized Civilian Employees ("the Union") ("Unión de Empleados Civiles Organizados" in Spanish), whose office is located at First Federal Building, Suite 611-612, 1056 Muñoz Rivera Avenue, San Juan, PR 00927, is a public sector labor union accredited by the Puerto Rico Secretary of Labor and Human Resources within the meaning of 3 L.P.R.A. § 702(a). The Union is affiliated with the International Union of Police Associations, AFL-CIO and is the exclusive representative for collective bargaining purposes of thousands of public sector employees of PRPB, including Plaintiffs and class members.

## FACTUAL ALLEGATIONS

*Plaintiff Vanessa E. Carbonell*

38. Since 1992, Plaintiff Carbonell has been employed as a civilian worker by PRPB. Carbonell is an "employee" within the meaning of the "Law Authorizing the Deduction of Dues of Associations, Federations, or Unions of Employees of the Government of Puerto Rico", 3 L.P.R.A. § 702(a).

39. Carbonell was a member of the Union on June 27, 2018, when the U.S. Supreme Court issued its ruling in *Janus v. AFSCME Council 31*, 138. S. Ct. 2448 (2018).

40. As a member of the Union and of the bargaining unit exclusively represented by the Union, Carbonell received the additional $25 monthly employer contribution to help pay for health insurance costs.

41. In July 2018, after learning about the U.S. Supreme Court's ruling in *Janus v. AFSCME Council 31,* 138 S. Ct. 2448 (2018), Carbonell resigned her union membership and requested the cessation of union dues deductions from her wages. PRPB and the Union complied with the request, resulting in the cessation of dues deductions from Carbonell's wages.

42. As soon as Carbonell's dues deductions ceased, PRPB stopped providing her with the additional $25 monthly employer contribution. To date, Carbonell receives the base employer contribution of $100 per month instead of the $125 per month.

*Plaintiff Roberto A. Whatts Osorio*

43. Since 1985, Plaintiff Whatts has been employed as a civilian worker by PRPB. Whatts is an "employee" within the meaning of the "Law Authorizing the Deduction of Dues of Associations, Federations, or Unions of Employees of the Government of Puerto Rico", 3 L.P.R.A. § 702(a).

44. Whatts was a member of the Union on June 27, 2018, when the U.S. Supreme Court issued its ruling in *Janus v. AFSCME Council 31*, 138. S. Ct. 2448 (2018).

45. As a member of the Union and of the bargaining unit exclusively represented by the Union, Whatts received the additional $25 monthly employer contribution to help pay for health insurance costs.

46. In July 2018, after learning about the Supreme Court's ruling in *Janus v. AFSCME Council 31,* 138 S. Ct. 2448 (2018), Whatts resigned his union membership and requested the cessation of union dues deductions from his wages. PRPB and the Union complied with the request, resulting in the cessation of dues deductions from Whatts's wages.

47. As soon as Whatts's dues deductions ceased, PRPB stopped providing him with the additional $25 monthly employer contribution. To date, Whatts receives the base employer contribution of $100 per month instead of the $125 per month.

*Plaintiff Elba Y. Colón Nery*

48. Since 1991, Plaintiff Colón has been employed as a civilian worker by PRPB. Colón is an "employee" within the meaning of the "Law Authorizing the Deduction of Dues of

8

Associations, Federations, or Unions of Employees of the Government of Puerto Rico", 3 L.P.R.A. § 702(a).

49. Colón was a member of the Union on June 27, 2018, when the U.S. Supreme Court issued its ruling in *Janus v. AFSCME Council 31*, 138. S. Ct. 2448 (2018).

50. As a member of the Union and of the bargaining unit exclusively represented by the Union, Colón received the additional $25 monthly employer contribution to help pay for health insurance costs.

51. On or around November and December 2020, Colón resigned her union membership and requested the cessation of union dues deductions from her wages. PRPB and the Union complied with the request, resulting in the cessation of dues deductions from Colón's wages.

52. As soon as Colón's dues deductions ceased, PRPB stopped providing her with the additional $25 monthly employer contribution. To date, Colón receives the base employer contribution of $100 per month instead of the $125 per month.

*Plaintiff Billy Nieves Hernández*

53. Since 1994, Plaintiff Nieves has been employed as a civilian worker by PRPB. Nieves is an "employee" within the meaning of the "Law Authorizing the Deduction of Dues of Associations, Federations, or Unions of Employees of the Government of Puerto Rico", 3 L.P.R.A. § 702(a).

54. Although Nieves was never a member of the Union, PRPB extracted nonmember forced fees from his wages and remitted them to the Union until the U.S. Supreme Court issued its ruling in *Janus v. AFSCME Council 31*, 138. S. Ct. 2448 (2018).

55. As a forced fee payer and member of the bargaining unit exclusively represented

by the Union, Nieves received the additional $25 monthly employer contribution to help pay for health insurance costs.

56. At some point after June 27, 2018, Nieves requested the cessation of union deductions from his wages and declined membership in the Union. PRPB and the Union complied with the request, resulting in the cessation of nonmember forced fees deductions from Nieves's wages.

57. As soon as Nieves's forced fees deductions ceased, PRPB stopped providing him with the additional $25 monthly employer contribution. To date, Nieves receives the base employer contribution of $100 per month instead of the $125 per month.

*Plaintiff Nélida Álvarez Febus*

58. Since 1994, Plaintiff Álvarez has been employed as a civilian worker by PRPB. Álvarez is an "employee" within the meaning of the "Law Authorizing the Deduction of Dues of Associations, Federations, or Unions of Employees of the Government of Puerto Rico", 3 L.P.R.A. § 702(a).

59. Álvarez was a member of the Union on June 27, 2018, when the U.S. Supreme Court issued its ruling in *Janus v. AFSCME Council 31*, 138. S. Ct. 2448 (2018).

60. As a member of the Union and of the bargaining unit exclusively represented by the Union, Álvarez received the additional $25 monthly employer contribution to help pay for health insurance costs.

61. In October 2020, Álvarez resigned her union membership and requested the cessation of union dues deductions from her wages. PRPB and the Union complied with the request, resulting in the cessation of dues deductions from Álvarez's wages.

62. As soon as Álvarez's dues deductions ceased, PRPB stopped providing her with

the additional $25 monthly employer contribution. To date, Álvarez receives the base employer contribution of $100 per month instead of the $125 per month.

*Plaintiff Linda Dumont Guzmán*

63. Since 1992, Plaintiff Dumont has been employed as a civilian worker by PRPB. Dumont is an "employee" within the meaning of the "Law Authorizing the Deduction of Dues of Associations, Federations, or Unions of Employees of the Government of Puerto Rico", 3 L.P.R.A. § 702(a).

64. Dumont was a member of the Union on June 27, 2018, when the U.S. Supreme Court issued its ruling in *Janus v. AFSCME Council 31*, 138. S. Ct. 2448 (2018).

65. As a member of the Union and of the bargaining unit exclusively represented by the Union, Dumont received the additional $25 monthly employer contribution to help pay for health insurance costs.

66. In July 2018, Dumont resigned her union membership and requested the cessation of union dues deductions from her wages. PRPB and the Union complied with the request, resulting in the cessation of dues deductions from Dumont's wages.

67. As soon as Dumont's dues deductions ceased, PRPB stopped providing her with the additional $25 monthly employer contribution. To date, Dumont receives the base employer contribution of $100 per month instead of the $125 per month.

*Plaintiff Sandra Quiñones Pinto*

68. Since 1991, Plaintiff Quiñones has been employed as a civilian worker by PRPB. Quiñones is an "employee" within the meaning of the "Law Authorizing the Deduction of Dues of Associations, Federations, or Unions of Employees of the Government of Puerto Rico", 3 L.P.R.A. § 702(a).

69. Quiñones was a member of the Union on June 27, 2018, when the U.S. Supreme Court issued its ruling in *Janus v. AFSCME Council 31*, 138. S. Ct. 2448 (2018).

70. As a member of the Union and of the bargaining unit exclusively represented by the Union, Quiñones received the additional $25 monthly employer contribution to help pay for health insurance costs.

71. In July 2019, Quiñones resigned her union membership and requested the cessation of union dues deductions from her wages. PRPB and the Union complied with the request, resulting in the cessation of dues deductions from Quiñones's wages.

72. As soon as Quiñones's dues deductions ceased, PRPB stopped providing her with the additional $25 monthly employer contribution. To date, Quiñones receives the base employer contribution of $100 per month instead of the $125 per month.

*Plaintiff Yomarys Ortiz González*

73. Since 1995, Plaintiff Ortiz has been employed as a civilian worker by PRPB. Ortiz is an "employee" within the meaning of the "Law Authorizing the Deduction of Dues of Associations, Federations, or Unions of Employees of the Government of Puerto Rico", 3 L.P.R.A. § 702(a).

74. Ortiz was a member of the Union on June 27, 2018, when the U.S. Supreme Court issued its ruling in *Janus v. AFSCME Council 31*, 138. S. Ct. 2448 (2018).

75. As a member of the Union and of the bargaining unit exclusively represented by the Union, Ortiz received the additional $25 monthly employer contribution to help pay for health insurance costs.

76. In July 2018, Ortiz resigned her union membership and requested the cessation of union dues deductions from her wages. PRPB and the Union complied with the request, resulting

in the cessation of dues deductions from Ortiz's wages.

77. As soon as Ortiz's dues deductions ceased, PRPB stopped providing her with the additional $25 monthly employer contribution. To date, Ortiz receives the base employer contribution of $100 per month instead of the $125 per month.

*All Plaintiffs*

78. PRPB and the Union continue to deny the $25 monthly additional employer contribution to Plaintiffs and class members because Plaintiffs and class members exercised their First Amendment rights of free speech and non-association.

79. Plaintiffs are ready, willing, and able to purchase additional and higher quality health insurance benefits with the additional employer contribution that is being denied to them. But for the above-described discriminatory policy, they would purchase better quality health insurance.

80. Awarding the additional employer contribution of $25 per month exclusively to members of the Union coerces Plaintiffs and class members into becoming and remaining members of the Union.

81. Awarding the additional employer contribution of $25 per month exclusively to members of the Union has the effect of unlawfully coercing and pressuring Plaintiffs and class members to become and remain members of the Union by presenting them with the prospect of better healthcare in exchange for joining.

82. Based on their experience, Plaintiffs believe that the additional employer contribution of $25 per month would resume should Plaintiffs and class members choose to join the Union as full-fledged members.

83. The unlawful coercion to join the Union has manifested itself in other forms. In March 2022, the air conditioning unit at Plaintiffs Carbonell's, Whatts's, and Nieves's work area

went out of service for approximately one month. Their immediate supervisor at PRPB, José Santiago, allowed Union members to leave work early at noon due to the unbearable work conditions the lack of air conditioning created. But Union nonmembers, like Plaintiffs, were forced to remain in their offices for the full workday and endure the sweltering heat in retribution for not being members of the Union.

84. Plaintiffs and class members bring this civil rights action, pursuant to 42 U.S.C. § 1983, on behalf of themselves and all other similarly situated employees, seeking: (a) a judgment declaring that the Union's and PRPB's policy and practice of granting to Union members and denying to non-Union members the additional employer contribution toward their purchase of healthcare is unconstitutional and unenforceable under the First Amendment; (b) injunctive relief against the aforementioned policy and practice; (c) nominal damages for the violation of Plaintiffs' and class members' First and Fourteenth Amendment rights; (d) compensatory damages and/or restitution for the full amount of the additional employer contribution withheld from Plaintiff and class members, plus applicable interest; (e) punitive damages for Defendants' wanton, willful, and knowing misconduct in violation of Plaintiffs' and class members' First and Fourteenth Amendment rights; and (f) reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920, and Federal Rule of Civil Procedure 54(d).

## CLASS ACTION ALLEGATIONS

85. Plaintiffs bring this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(1)(A) and (b)(2), and, alternatively, 23(b)(3), for themselves and for all others similarly situated.

86. The proposed class consists of all individuals who, at any time on or after May 24, 2021, (a) were employed by PRPB and exclusively represented by the Union, (b) were not Union

members, and (c) were not granted the $25 monthly additional employer contribution.

87. On information and belief, the number of persons in this class is at least forty (40) but likely in the hundreds. Those persons in the class are therefore so numerous that joinder of the entire class is impractical.

88. There are questions of law and fact common to all members of the class, to wit, whether the PRPB and the Union are coercing nonunion employees to join the Union in violation of the employees' rights under the First and Fourteenth Amendments to the United States Constitution by withholding the $25 monthly contribution for health insurance from nonmembers.

89. The questions of law and fact common to the proposed class members predominate over any questions affecting only individual members.

90. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

91. Plaintiffs' claims are typical of the members of the class because Defendants have coerced them by withholding the $25 monthly additional employer health insurance contribution from Plaintiffs in violation of the Constitution.

92. Plaintiffs can fairly and adequately represent the interests of the class and have no conflict with other, similarly situated class members. Plaintiffs have no interests antagonistic to others who have been subjected by Defendants to the aforementioned deprivation of rights.

93. Plaintiffs' attorneys are providing pro bono legal services through a national charitable legal aid organization. Plaintiffs' counsel have considerable experience handling class actions and the types of claims asserted in the instant complaint. Moreover, Plaintiffs' counsel is knowledgeable in the applicable law and possesses the necessary resources for committing to representing the class.

94. Because PRPB's and the Union's duty to respect the constitutional rights of nonunion employees applies equally to all in the class, the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for PRPB and the Union.

95. PRPB and the Union have acted and threaten to continue to deprive the nonunion employees of their constitutional rights on grounds generally applicable to all, thereby making appropriate declaratory, injunctive, and other equitable relief with regard to the class as a whole.

## CAUSES OF ACTION

96. Plaintiffs re-allege and incorporate by reference the paragraphs set forth above in this Complaint.

97. Plaintiffs are suing Defendants under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201 on behalf of themselves and the requested class.

## COUNT I

**(Violation of 42 U.S.C. § 1983 and the First and Fourteenth Amendments by illegal coercion of nonunion employees)**

98. The policy and practice of PRPB and the Union, of withholding the additional employer contribution from nonunion bargaining unit members, violates the nonunion employees' constitutional rights by coercing them to join the Union.

99. As a direct result of the PRPB's and the Union's unlawful actions described in this Complaint, the nonmembers:

   a. Have been prevented from exercising their rights and privileges as citizens of the United States not to join an employee organization;

   b. Have been deprived of their rights guaranteed to them under the Constitution and statutes of the United States;

c.  Have suffered monetary, equitable, and other damages; and

d.  Have suffered the irreparable harm, damage and injury for which there is no adequate remedy at law that is inherent in the violation of First Amendment rights.

100. Unless enjoined by this Court, PRPB, the Union, and their agents, will continue the aforesaid deprivation and abridgement of the First Amendment rights of nonunion employees, thereby causing further irreparable harm, damage and injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request that this Court:

**A.  Class Action:** Enter an order, as soon as practicable, certifying this case as a class action, certifying the class as defined in the complaint, certifying Plaintiffs as class representatives, and appointing Plaintiffs' counsel as class counsel for the class.

**B.  Declaratory Judgment:** Enter a declaratory judgment that Defendants are violating Plaintiffs' and class members' First Amendment rights as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, by unlawfully coercing nonunion employees to join the Union by withholding from nonunion employees the additional twenty-five dollar ($25) monthly contribution for procuring health insurance.

**C.  Injunctive Relief:** Permanently enjoin Defendants from withholding from nonunion employees the additional $25 monthly contribution for procuring health insurance.

**D.  Damages:** (i) Enter a judgment awarding Plaintiffs and class members damages for or reimbursement of the amount of money equal to the unlawfully and improperly withheld amounts within the appropriate 1-year statute of limitations period pursuant to 42 U.S.C. § 1983, plus applicable interest; (ii) Enter a judgment awarding Plaintiffs and class members nominal

damages for PRPB's and the Union's coercion of nonunion employees to join the Union; (iii) Enter a judgment awarding Plaintiffs punitive damages for Defendants' wanton, willful, and knowing misconduct in violation of Plaintiffs' and class members' First and Fourteenth Amendment rights.

      **E.**   **Costs and Attorneys' Fees**: Award Plaintiffs and all class members their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988, and grant such other additional relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

Dated: May 24, 2022


**s/ÁNGEL J. VALENCIA-GATELL**
Ángel J. Valencia-Gatell
USDC- PR 300009
ajv@nrtw.org
c/o National Right to Work
Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Telephone: (703) 321-8510
Fax: (703) 321-9319

Heidi E. Schneider (*pro hac vice* forthcoming)
New York Attorney Registration No. 5638382
hes@nrtw.org

Milton L. Chappell (*pro hac vice* forthcoming)
District of Columbia Bar No. 936153
mlc@nrtw.org

Attorneys for Plaintiffs and the Class They Seek to Represent.