UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| VANESSA E. CARBONELL,<br>ROBERTO A. WHATTS,<br>OSORIO ELBA Y. COLON NERY,<br>BILLY NIEVES HERNANDEZ,<br>NELIDA ALVAREZ FEBUS<br>LINDA DUMONT GUZMAN,<br>SANDRA QUINONES PINTO,<br>YOMARYS ORTIZ GONZALEZ,<br>JANET CRUZ BERRIOS,<br>CARMEN BERLINGERI PABON,<br>MERAB ORTIZ RIVERA,<br><br>          Plaintiffs,<br><br>    v.<br><br>ANTONIO LOPEZ FIGUEROA,<br>UNION OF ORGANIZED CIVILIAN<br>EMPLOYEES, JOJANIE MULERO<br>ANDINO,<br><br>          Defendants. | CIVIL ACTION<br>NO. 22-01236-WGY |

YOUNG, D.J.[1]                                                                March 23, 2023

**ORDER**

1. Antonio López Figueroa and Jojanie Mulero Andino's ("the Individual Defendants") Motion for Reconsideration (ECF No. 79) is ALLOWED only to the extent that any official capacity monetary damages claims are dismissed under Eleventh Amendment

---

[1] Of the District of Massachusetts, sitting by designation.

sovereign immunity, and is otherwise DENIED.[2]  Furthermore, plaintiffs conceded in their opposition this point which constitutes a withdrawal or a waiver of those claims.  All official capacity monetary damages claims against the Individual Defendants are therefore DISMISSED.

2. The Individual Defendants are entitled to qualified immunity as to monetary damages claims.  After consideration of the parties' filings, all 42 U.S.C. § 1983 monetary damages claims against the Individual Defendants in their individual capacities are DISMISSED substantially for the reasons stated in the motion to dismiss and supplemental briefing by the Individual Defendants.  Presuming without finding that constitutional violations occurred, the alleged conduct did not violate a clearly established right.  "The doctrine of qualified immunity shields officers from civil liability so long as their conduct does not violate clearly established statutory or

---

[2] While the First Circuit has "long treated Puerto Rico like a state for Eleventh Amendment purposes . . . [t]he Supreme Court, for its part, has expressly reserved on the question whether Eleventh Amendment immunity principles apply to Puerto Rico." Centro de Periodismo Investigativo, Inc. v. Fin. Oversight and Mgt. Bd. for Puerto Rico, 35 F.4th 1, 14 (1st Cir. 2022) (citations and quotations omitted), cert. granted sub nom. Fin. Oversight Bd. v. CPI, 22-96, 2022 WL 4651269 (U.S. Oct. 3, 2022).  The issue of Eleventh Amendment sovereign immunity was argued before the Supreme Court this term on January 11, 2023. That decision is pending.  Absent guidance of the Supreme Court, this Court follows the First Circuit, and rules that eleventh Amendment sovereign immunity is applicable to the Commonwealth of Puerto Rico.

constitutional rights of which a reasonable person would have known." Est. of Rahim by Rahim v. Doe, 51 F.4th 402, 410 (1st Cir. 2022) (quoting City of Tahlequah, Oklahoma v. Bond, 142 S.Ct. 9, 11 (2021) (citations and quotations omitted).

This Court is bound by the "Supreme Court's command to 'resolv[e] immunity questions at the earliest possible stage in litigation.'" Id. at 411. Indeed, the First Circuit has deemed it inconsistent with this mandate for a district court to delay consideration of the "clearly established" prong before discovery. Id.

"Under the familiar two-prong framework, courts ask (1) whether the defendant violated the plaintiff's constitutional rights and (2) whether the right at issue was 'clearly established' at the time of the alleged violation. Id. The Court need not be address the prongs "in order, and an [official] may be entitled to immunity based on either prong." Id. "The plaintiff's burden to demonstrate that the law was clearly established is . . . a heavy burden indeed." Id. (citation and quotation omitted). The "clearly established" prong has two components: (1) the plaintiff must "identify either controlling authority or a consensus of persuasive authority sufficient to put an [official] on notice that his conduct fell short of the constitutional norm."; and (2) "[t]he plaintiff must also show that an objectively reasonable

[3]

[official] would have known that his conduct violated the law." Id.

As to the first subprong, "[w]hile a case directly on point is not required, existing precedent must have placed the statutory or constitutional question beyond debate." Id. at 413 (emphasis added).  The plaintiffs have not met their high burden as to controlling authority or a consensus of persuasive authority on the alleged conduct.  Accordingly, the Individual Defendants are entitled to qualified immunity as to monetary damages claims, but, of course, not as to prospective injunctive relief claims.  See Vazquez v. Surillo-Ruiz, 76 F. Supp. 3d 381, 397 (D.P.R. 2015) ("[T]he qualified-immunity defense is inapplicable to injunctive-relief claims.").

**SO ORDERED.**

       /s/William G. Young
       WILLIAM G. YOUNG
       DISTRICT JUDGE